**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4438**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TREMAYNE A. LYNCH, a/k/a Paco,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:13-cr-00255-D-1)

Submitted: January 30, 2015      Decided: February 10, 2015

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremayne A. Lynch appeals his sentence following a guilty plea to conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count One), and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012) (Count Two). The district court applied an eight-level upward departure and sentenced Lynch to 450 months' imprisonment, 240 months on Count One and 210 months on Count Two, to be served consecutively. Lynch challenges the drug weights applied by the district court on Count One and the upward departure on Count Two. We affirm.

The Government argues that Lynch's challenge to Count One is barred by language in his plea agreement waiving his right to appeal a within-Guidelines sentence. Lynch argues that because his overall sentence exceeded the Guidelines range, his waiver does not bar an appeal of any part of that sentence, including his sentence on Count One. "[W]e will enforce an appellate waiver provision against a defendant only if that provision is clearly and unambiguously applicable to the issues raised by the defendant on appeal." United States v. Yooho Weon, 722 F.3d 583, 588 (4th Cir. 2013) (internal quotation marks omitted) (reasoning that "traditional principles of contract law" require plea agreements to be construed against

2

Government).  The parties dispute whether the plea agreement's language allowing Lynch to appeal "from a sentence in excess of the applicable advisory Guideline range" allows him to appeal Count One where his total sentence exceeded the Guidelines range, but his sentence on Count One did not.  The crux of this dispute is whether the term "sentence" in the phrase "sentence in excess of the Guideline range" refers to Lynch's total sentence or to his sentences on each individual count of conviction.  Because this term is ambiguous, we construe the appellate waiver narrowly to allow Lynch's challenge to Count One.

Lynch argues that the district court erred by relying on a confidential informant in determining the drug weights attributable to Lynch.  "We review a district court's legal conclusions at sentencing de novo and its factual findings for clear error."  United States v. McDowell, 745 F.3d 115, 120 (4th Cir. 2014), cert. denied, __ S. Ct. __, 2015 WL 132957 (U.S. Jan. 12, 2015) (No. 13-10640).  In resolving a factual dispute, a "sentencing court may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy."  United States v. Gomez-Jimenez, 750 F.3d 370, 386 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014).  We "afford considerable deference to a

3

district court's determinations regarding the reliability of information in a PSR," and will not disturb such determinations unless we are "left with the definite and firm conviction that a mistake has been committed." McDowell, 745 F.3d at 120 (internal quotation marks omitted). Lynch argues that the district court could not reasonably rely on the confidential informant because he misidentified Lynch's gang affiliation and stated that Lynch engaged in multiple drug transactions a day at a supplier's house even though Lynch was employed during this time period and later needed another person to direct a coconspirator who was driving him to that supplier's house. These discrepancies are insufficient to show that the district court clearly erred by trusting the informant, who, according to testimony presented at sentencing, had a long record of providing reliable information. Therefore, we affirm Lynch's sentence on Count One.

Lynch also challenges the district court application of upward departures on Count Two. We have repeatedly held that such errors are harmless where the district court states that it would have imposed the same sentence as a variance and such a variance would have been substantively reasonable. E.g., Gomez-Jimenez, 750 F.3d at 386 (collecting cases); see also United States v. Rivera-Santana, 668 F.3d 95, 103 (4th Cir. 2012) (applying this rule where length of hypothetical variance was

4

ninety months). In this case, the district court made such a statement, and we find that it could have reasonably imposed its sentence on Count Two as a variance based on its recognition of the wanton cruelty of Lynch's conduct. See United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (holding that district court need only provide reasoned basis for variance). Accordingly, we hold that any error in Lynch's sentence on Count Two was harmless.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED